# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| MICHAEL P. HUNTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV419-316 |
| | ) | |
| WARDEN CEDRIC TAYLOR, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

Before the Court are petitioner's Motion for Leave to Proceed in forma pauperis ("IFP"), doc. 2, Motion to Appoint Counsel, doc. 3, and Motion to Amend, doc. 6. For the following reasons, petitioner's motion to proceed IFP, doc. 2, is **GRANTED**. Petitioner's Motion to Appoint Counsel, doc. 3, is **DENIED**. The Court **RECOMMENDS** that petitioner's motion be **DISMISSED AS UNTIMELY** so his Motion to Amend, doc. 6, should likewise be **DISMISSED AS MOOT**.

Petitioner seeks to proceed without prepayment of the $5.00 filing fee required for federal habeas corpus petitions. Doc. 2. He asserts that he has no income or money in his account, and the attached prison account statement, doc. 2-1, reflects a $0 balance. Accordingly, petitioner has insufficient funds to pay a filing fee and his motion to proceed IFP, doc. 2, is **GRANTED**.

Petitioner next requests appointed counsel. There is no automatic constitutional right to counsel in habeas proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Under 28 U.S.C. § 2254(h) Rule 8(c) of the Rules Governing Section 2254 Cases (mandating appointment of counsel pursuant to 18 U.S.C. § 3006A when an evidentiary hearing is warranted), the Court has authority to appoint counsel in habeas corpus proceedings brought pursuant to 28 U.S.C. § 2254. However, such requests are discretionary with the courts, and appointment of counsel is "a privilege that is justified only by exceptional circumstances[.]" *Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992) (quoting *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987)). Moreover, it is well settled that "[i]n a habeas corpus action in federal court[,] there is no requirement that counsel be appointed unless appointment of counsel is necessary to due process." *Norris v. Wainwright*, 588 F.2d 130, 133 (5th Cir. 1979) (cites omitted).

As reflected herein, petitioner has demonstrated his ability to file appropriate pleadings seeking § 2254 relief and neither an evidentiary hearing nor discovery are necessary at this point in time because, as discussed below, petitioner's motion is untimely. Petitioner does not

identify, and the Court does not find, any exceptional circumstances justifying the appointment of counsel.   Hunter's application for appointment of counsel, doc. 3, is therefore **DENIED**.

As to the merits of petitioner's motion, it appears that it is untimely and should be dismissed.  Federal habeas petitions brought under 28 U.S.C. § 2254 are subject to a one-year statute of limitations. 28 U.S.C. §2244(d)(1).  The limitations period is calculated from "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  Petitioner was sentenced on January 7, 2011.  Doc. 1 at 1.  Petitioner did not file an appeal of his sentence, rather he filed an out of time motion to withdraw his guilty plea (a request which was ultimately denied) on February 12, 2013.[1]  *Id.* at 2.  While there is some suggestion that such a motion might have tolled the limitations period in the correct circumstances, petitioner is out of luck.

The Eleven Circuit has determined that any application for

---

[1] The Court takes judicial notice of the publicly available, online docket of petitioner's criminal case, *State of Georgia v. Hunter*, CR10-2925, dkt. entry dated February 12, 2013, https://cmsportal.chathamcounty.org/Portal/Home.   *See Paez v. Sec., Fla. Dept. of Corrections*, 947 F.3d 649 (11th Cir. 2020) (district court may take judicial notice of online state court dockets to determine timeliness in § 2254 petitions).

relief (including motions to withdraw guilty pleas) only toll the limitations period if they were "properly filed." *Colbert v. Head*, 146 F. App'x 340, 343 (11th Cir. 2005) (*quoting Sibley v. Culliver*, 377 F.3d 1196, 1202 (11th Cir. 2004). An application is considered "properly filed when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (internal quotations omitted). Hunter's request was not, however, properly filed.

> Under Georgia law, a defendant may withdraw a guilty plea as a matter of right before his or her sentence is pronounced. Moreover, as discussed above, even after sentencing, the trial court has the discretion to allow the withdrawal of a plea. However, it is well settled that when the term of court has expired in which a defendant was sentenced pursuant to a guilty plea, the trial court lacks jurisdiction to allow the withdrawal of the plea.

*Colbert v. Head*, 146 F. App'x 340, 344 (11th Cir. 2005) (internal citations and quotations omitted). Chatham County has four terms of court each commencing on the first Monday in March, June, September, and December. *See* O.C.G.A. § 15-6-3(17). Petitioner's motion to withdraw his guilty plea was not filed until after the term of court in which is plea was accepted. Therefore, the trial court had no jurisdiction to allow the withdrawal of the guilty plea and the motion

4

did not toll the limitations period.

Because petitioner's motion to withdraw a guilty plea was not filed timely, it did not toll the limitations period. His state habeas petition was ultimately filed on April 8, 2013, more than two years after his conviction became final. *Id.* at 2-3. During that time, his opportunity to file a federal habeas petition expired. Though the statute of limitations would generally be tolled by pending state court habeas actions, 28 U.S.C. § 2244(d)(1)(A), as the one-year period elapsed before the first state petition was filed, Hunter's current effort is unsalvageable. *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) ("a state court petition . . . filed following the expiration of the federal limitations period cannot toll that period because there is no period remaining to be tolled." (internal quotations and citations omitted). As such, the petition is untimely and should be **DISMISSED**. His motion to amend should likewise be **DISMISSED AS MOOT**.

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1–2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1);

Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2254 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added). Any motion for leave to appeal *in forma pauperis* therefore is moot.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of

rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 24th day of July, 2020.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA