## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

MICHAEL P. HUNTER,

      Petitioner,

   v.

WARDEN CEDRIC TAYLOR;

      Respondent.

CIVIL ACTION NO.: 4:19-cv-316

## O R D E R

After a careful *de novo* review of the entire record, the Court concurs with the Magistrate Judge's July 24, 2020 Report and Recommendation, (doc. 7), to which Petitioner has filed objections, (doc. 9).   In his objections, petitioner asserts that he did not know that the one-year statute of limitations for federal habeas proceedings ran before the four-year statute for state proceedings expired.   (Doc. 9 at 2.)   Moreover, he argues that he was kept on suicide watch for nearly three months after his conviction, although he later exercised a great deal of diligence in seeking his trial transcripts which he argues were impermissibly kept from him.   (Id. at 2-3.)   He also claims that he was never made aware of the time limits for his habeas proceedings by either the state or his own attorney.   (Id.)

Broadly interpreted, petitioner's request appears to be one for equitable tolling.   "A petitioner is entitled to equitable tolling if he can demonstrate that: (1) he has pursued his rights diligently; and (2) an extraordinary circumstance prevented him from filing a timely petition." *Aureoles v. Sec'y, D.O.C.*, 609 F. App'x 623, 624 (11th Cir. 2015); *Holland v. Florida*, 560 U.S.

631, 649 (2010).   While governmental action that hinders a defendant's ability to file a habeas motion might extend the deadline for filing, 28 U.S.C. § 2244(d)(1)(B), defendant has only offered vague and conclusory references in support of his motion.   Even if he had provided a more detailed and clear argument, the circumstances of his incarceration alone do not warrant tolling of the statute of limitations.   *See Miller v. Florida*, 307 F. App'x 366, 368 (11th Cir. 2009) (allegation that prisoner was placed on "close-management status" alone did not merit equitable tolling); *Akins v. United States*, 204 F.3d 1086, 1089-90 (11th Cir. 2000) (restricted access to a law library and placement on lockdown were not sufficient impediments to filing of a § 2255 motion absent a showing that they were unrelated to legitimate penological interests or related to actual injury).   His lack of knowledge of the law, regardless of who he contends should have informed him, does not warrant tolling either.   *See Wakefield v. R.R. Ret. Bd.*, 131 F.3d 967, 970 (11th Cir. 1997) (neither a litigant's *pro se* status nor ignorance of the law normally warrants equitable tolling).   Finally, even assuming his attorney's failure to explain the tolling procedure to him constituted extraordinary circumstances, petitioner fails to show due diligence.   He argues that he requested transcripts, but he says nothing about his attempts to either properly appeal his case or file a habeas motion.

Accordingly, the Court **ADOPTS** the Report and Recommendation, (doc. 7), as the opinion of the Court and **DISMISSES** Plaintiff's 28 U.S.C. § 2254 Petition **WITHOUT PREJUDICE**.

Petitioner is also not entitled to a Certificate of Appealability, rendering moot any request for *in forma pauperis* status on appeal.   The Court **DIRECTS** the Clerk of Court to **CLOSE** this case.

      **SO ORDERED**, this 10th day of November, 2020.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA